IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERNEST A. GIBSON | ) | CASE NO. 08-71770 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

## MEMORANDUM DECISION

The matter before the Court is the requested confirmation of the Debtor's chapter 13 plan ('the Plan") dated January 6, 2009. The Trustee is prepared to recommend confirmation except for the amount of attorney's fee sought by Debtor's counsel, Michael D. Hart, Esquire, and included as a part of the Plan. The total amount sought is $2,600, which the Trustee believes is excessive to the extent of $500 by reason of duplication of services already provided to the Debtor in connection with a prior filing, which bears docket no. 08-70001. On the other hand, counsel for the Debtor asserts that very substantial legal services have been provided to his client in this case which exceed any benefit derived from work done in the prior case. In response to the Court's inquiry about time records for the work performed in both cases, however, Mr. Hart responded that his office did not maintain time records in "flat fee" cases. After review of the schedules and docket entries in both cases and consideration of the representations and arguments of counsel and the Trustee at the confirmation hearing on February 9, 2009, the Court concludes that the Trustee's objection is well taken and that the Plan should not be confirmed unless the fee is reduced by her suggested amount of $500.

FINDINGS OF FACT

The present case was commenced by the Debtor's filing of a petition under chapter 13 of the Bankruptcy Code on September 12, 2008. The Statement of Financial Affairs filed with that petition discloses that within the preceding twelve months the Debtor had paid to the office of Michael D. Hart, PC on December 28, 2007 a retainer of $605 plus $285 for the filing fee and costs in connection with the earlier case, the sum of $1,001.11 sometime in August of 2008 for services provided in the first case, and on August 20, 2008 a retainer of $680 plus $285 for the filing fee and costs in connection with the present case. Such filing was also accompanied by the Statement required by Federal Rule of Bankruptcy Procedure 2016(b) setting forth the agreed upon compensation in the amount of $2,600 for limited legal services in this case; $680 of this amount was paid as a retainer and the balance of $1,920 was proposed to be paid by the Trustee as an administrative expense of the estate.

The present case followed within three months the dismissal on June 24, 2008 of a previous petition, also under chapter 13, which the Debtor had filed on January 2, 2008. In that case as well, also handled by Mr. Hart's office, a Rule 2016(b) Statement was filed disclosing agreed compensation of $2,600 for services to be rendered in that case. The Statements filed in the two cases are identical in all respects other than the amounts of the fee retainer ($605 in the first case and $680 in the second) and the resulting fee balances ($1,995 in the first case and $1,920 in the present case) to be paid by the Trustee. The Trustee's Final Report filed in the first case indicates that $1,101.11 was returned to the Debtor following the dismissal of such case prior to any plan having been confirmed. This is exactly the same amount which the Statement of Financial Affairs filed in the present case discloses was paid to Mr. Hart's office in August of 2008 in connection with services rendered in the earlier case.

A perusal of the schedules filed in both cases indicates that they are almost identical. The only variation in Schedule A is that the amount of the secured claim against the property is indicated to be $131,280.96 in the present case as compared with an even $131,280 in the prior case. The only differences in Schedule B are (i) a joint account with Member One Federal Credit Union in the amount of $25.31 (Debtor's interest value) in the first case is replaced with one at Woodforest National Bank in the amount of $50 in the present case, and (ii) the value assigned to "TV, VCR, DVD player and Stereo" in the first case of $100 is increased to $1,031.80 in the present case. Schedule C also reflects an increase in the value of that same property from $100 to $1,031.80 in the present case as well as the change in the joint account previously noted with regard to Schedule B. In addition Schedule C in the present case also claims an exemption of $3,359.52 in the interest in real estate scheduled in Schedule A of both petitions, but which was not claimed as exempt in the first case. Schedule D in the present case adds to the two secured claims noted in the same schedule of the first case a third one in favor of Ecast Settlement Corporation, assignee of Household Bank/Bass & Assoc., P.C., for the same "TV, VCR, DVD player and Stereo" noted above. No priority creditors are noted in Schedule E filed in either case. Schedule F of the original petition listed twenty-two separate unsecured debts or accounts in the aggregate sum of $11,971.58, while the same schedule in the present case adds one additional debt in the amount of $180; otherwise the two schedules are identical. The only differences in the Statement of Financial Affairs filed in both cases are that (i) the first case filed at the very beginning of 2008 lists estimated income for 2005 and doesn't include any figure for year-to-date income while the second case omits the 2005 income information and includes a figure for 2008 year-to-date income, and (ii) the present case adds the information

concerning additional sums paid to Mr. Hart's office after the date of the Statement filed in the original case.

The Court finds that the information already assembled by Debtor's counsel in the first 2008 case and paid for prior to the initiation of the present case provided a substantial benefit and advantage to counsel's office in the preparation of the petition and schedules in the present case. Even though the present case has involved some legal services not required in the earlier case, namely the filing and prosecution of a motion to extend the automatic stay in this case which otherwise would have terminated by reason of the recent dismissal of the earlier case, that additional burden is far outweighed by the benefit obtained from the extensive financial information and familiarity with the Debtor's circumstances obtained in the original case. In the absence of any time records, which would assist the Court greatly in estimating the work performed by Mr. Hart's office in both cases, the Court is satisfied, based on both its own experience and the expertise of the chapter 13 Trustee, that a $500 credit against the contracted-for legal services in this case is reasonable and fair to Debtor's counsel.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a). Determination of claims for compensation from the bankruptcy estate and confirmation of chapter 13 plans are "core" proceedings by virtue of 11 U.S.C. § 157(b)(2)(B) and (L). This Court is empowered in 11 U.S.C. § 330(a)(4)(B) to "allow reasonable compensation to the debtor's attorney [in a chapter 13 case] for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the

benefit and necessity of such services to the debtor and the other factors set forth in this section." One of those "other factors" is that "the court shall not allow compensation for unnecessary duplication of services." § 330(a)(4)(A)(i).  While the issue presented here may not, very strictly speaking, constitute "unnecessary duplication of services," the Court concludes that the fair and commonly understood meaning of such language is broad enough to cover double payment for substantially the same work.

Accordingly, for the reasons noted above, the Trustee's objection will be sustained and the Court will confirm the Plan subject to a reduction in the amount of compensation to counsel from $2,600 to $2,100.  The Trustee shall submit a confirmation order in accordance with the determination made herein.

This 12th day of February, 2009.

*William F. Stone, Jr.*

_____
UNITED STATES BANKRUPTCY JUDGE